Daniel Koleda  
vs.   } Eq. No. 11377.  
Jacob Brenner

June 1, 1933.

BAKER, P. J. Final hearing.

In this case the amended bill prays that a certain instrument in writing purporting to be an irrevocable trust be set aside, and by way of further relief prays for an accounting and if said trust is allowed to stand, then that respondent be removed, certain funds be reclaimed and a new trustee appointed.

The matter was heard at length on the original bill and, after hearing, the bill was amended by adding a party and in other minor respects. The case, by agreement, was then submitted upon the evidence formerly taken.

The instrument in question which it is sought to revoke and set aside is an agreement in writing, under seal, between the complainant and the respondent Jacob Brenner, dated May 23, 1929, in which the sum of $1800 was deposited by the complainant with said respondent. In said instrument the following language appears:

"This money to remain in the hands of the said Jacob Brenner under an irrevocable trust during the life of the said beneficiary, Dan-

iel Koleda, and on his decease the principal thereof to be held for the benefit of his son, Vasil, who is now in Europe."

Our Court has on several occasions considered the general effect of trusts of this type. In the case of *Aylsworth* vs. *Whitcomb*, 12 R. I. 298, it was held that the omission of a power of revocation is prima facie evidence of a mistake. In this case, however, the instrument did not specifically state that it was irrevocable.

In the case of *Wallace* vs. *Industrial Trust Co.*, 29 R. I. 550, the Court found that the evidence presented showed clearly that it was the intention and purpose of the parties that the trust should be irrevocable and denied relief.

In the case of *Neisler et al.* vs. *Pearsall et al.*, 22 R. I. 367, the instrument in question more nearly resembled the one in the case at bar, because it provided that the trust should be irrevocable. The Court in that case considers numerous authorities and determines, in substance, that equity will set aside a voluntary settlement of the type herein only upon the application of the original grantor in his lifetime, and then only on the ground of fraud or where the settlement is unadvised or contrary to the intention of the settlor.

It would not appear from the authorities as though the complainant's son had any such vested interest in the fund as would necessarily prevent a revocation. The evidence presented to the Court upon which the complainant requests a revocation reveals the following facts. The complainant, who was a native of Poland, had been in this country for some little time and had worked previously for the respondent Jacob Brenner, and evidently placed considerable trust and confidence in him. The evidence shows clearly, however, that the complainant could not read the English language and, while he could speak it to some

extent and understand it fairly well, frequently it was necessary for him to make use of an interpreter. The testimony discloses that the complainant had had trouble with his wife and in the early part of the year 1929 came into possession of about $2500 by reason of the adjustment of certain property rights. He had previously had the respondent Jacob Brenner hold funds for him by means of joint bank accounts. There is also evidence that at times the complainant drank to excess. In view of this failing and of the difficulty with his wife and his desire that she not be able to obtain any of his money, when the sum of $2500 became payable there was a discussion between the complainant, the respondent and an attorney as to what disposition should be made of the fund. After some consideration, the instrument in question, which it is now sought to revoke, was drawn and executed. It seems to the Court quite clear from the testimony presented that there was a dual purpose in the arrangement; namely, first, that the money be placed so that the complainant's wife could not obtain any of it, and, secondly, that he be more or less protected from himself and his friends when he stopped work and began drinking.

The Court is satisfied beyond much doubt that the trust instrument originated in the mind of the attorney who drew it and was really his work, and that the complainant understood little or nothing of what he was executing. He claims that he thought the paper had something to do with the setting up of a joint bank account according to previous arrangements he had had with the respondent Jacob Brenner.

The Court believes that it is very probable that the attorney did read the instrument over to the parties before it was signed and possibly explained it in a general way, but the Court is strongly of the opinion that the details as to how it would operate were not made plain to the complainant, and certainly the fact that the trust was to be irrevocable was not brought clearly to the complainant's comprehension.

The weight of the evidence tends to show that there was some discussion of the complainant's right to use portions of the principal at times if it became necessary, although just how this was to be done with the trust in the form in which it was executed was not made clear.

After the trust agreement was signed and the sum of $1800 turned over to the respondent Jacob Brenner, on July 5, 1929, the latter invested the money in the stock of Brenner, Inc., which operated a summer hotel in Bethlehem, New Hampshire. This corporation was a family affair controlled by the Brenners and unquestionably the investment of the trust fund in a security of this type was not proper.

There is testimony that the complainant knew of this investment and approved of it, although this is denied by him. The Court, in any event, has serious question whether he was of sufficient understanding to be capable of deciding on the proper investment of trust funds. For some considerable time no difficulty was experienced by the parties. They remained friendly and the complainant continued to work fairly steadily. Finally, work became difficult to get as business conditions grew worse. The complainant began to drink somewhat. As he worked less and finally ran out of funds, he began to make demands on the respondent for money and then the present situation came to a head.

A careful consideration of the evidence presented leads the Court to the opinion that the trust agreement does not express the true intention of the complainant and that it was mistakenly made by him. The Court, however,

does not find any evidence which discloses any fraudulent action on the part of the persons involved. In the judgment of the Court, the complainant desired the respondent to hold his money for him, but in some such manner as had previously been done, as by a joint bank account, and in such a way that he could, if necessary, obtain for his own use, under the restraint and guidance of the respondent, a portion of the principal of the fund.

The Court is of the opinion, therefore, that a fair preponderance of the evidence entitles the complainant to have the instrument in question revoked and set aside, and to have returned to him the principal sum in question. This being so, it will not be necessary to deal with the prayer relating to the appointment of a new trustee.

In regard to an accounting, the Court does not believe that the evidence discloses its necessity. The respondent Jacob Brenner invested the trust fund within a month and a half after he received it. Apparently no dividends have been paid on the stock by Brenner, Inc.

The trust instrument as drawn is somewhat vague as to the amount of returns or dividends on the principal sum but it would seem that the intention of the parties was that the fund should yield a return equal to the current interest rate of savings banks in the City of Woonsocket. This being so, the Court is of the opinion that in addition to the principal sum of $1800 involved, the complainant is also entitled to a return of such sum as would amount to the yield on said principal sum at the current rate of interest paid by the savings banks in the City of Woonsocket from the date of said instrument, viz.: May 23, 1929, to date.

A decree may be entered in accordance herewith.

For complainant: Harry J. Smith.

For respondent: Samuel H. Brenner.